UNITED STATES of America,
Plaintiff–Appellee,

v.

Heriberto GONZALO BELTRAN,
Defendant–Appellant.

No. 88–5127.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1989.

Decided Sept. 26, 1990.

---

**488**

David E. Kenner, Encino, Cal., and Joshua C. Needle, Santa Monica, Cal., for defendant-appellant.

Roel C. Campos, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, NELSON and KOZINSKI, Circuit Judges.

PER CURIAM:

Beltran appeals his conviction for conspiracy to possess 717 pounds of cocaine with intent to distribute. His brief describes his case very succinctly: "The defendants requested that the Court help them secure the attendance and testimony of a known witness with whom the government had contact, and the Court refused to do so." The brief continues that the district court's refusal violated the appellant's "Sixth Amendment right to the compulsory process of the court, made illusory the Sixth Amendment right to confront and cross-examine an essential percipient witness, and resulted in a deprivation of a fair trial as guaranteed by the Fifth Amendment." The potential witness at issue was a government informer known as "Mr. Milan." Prior to trial, Beltran had moved unsuccessfully for disclosure of Milan's true identity. During trial, Beltran moved for an order that would have required the government to accept a subpoena for Milan. The district court denied both motions and Beltran appeals. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## STANDARD OF REVIEW

We review a trial court's decision concerning whether to require the disclosure of the identity of an informer for abuse of discretion. *United States v. Buffington*, 815 F.2d 1292, 1299 (9th Cir.1987). We review a district court's decision as to the relevancy of evidence for abuse of discretion. *United States v. Burreson*, 643 F.2d 1344 (9th Cir.), *cert. denied*, 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981). By analogy, we review for abuse of discretion a district court's refusal to order the government to accept a subpoena for a confidential informer because the informer's testimony would not be relevant and material to the defense.

## DISCUSSION

■ A district court's refusal to order the government to accept a subpoena for a confidential informer produced the same effects as a decision to allow the government to exercise its privilege not to disclose the identity of a confidential informer. The individual defendant loses the value of whatever testimony the informer may provide and the public advances its "interest in effective law enforcement." *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). In order to

balance the interests of the individual and society, we examine three factors: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure. *United States v. Tenorio-Angel,* 756 F.2d 1505, 1509 (11th Cir.1985).

■ In pursuit of this balance, the district court conducted an *in camera* hearing. At the hearing the court had before it Mr. Milan, evidence from the government in support of nondisclosure, and questions submitted by defense counsel for the court's use in examining Mr. Milan. The court also received evidence that the defendant's investigators had contacted Milan and told him that his life would be in danger if he testified in court. The court's conduct of the *in camera* proceedings satisfied our circuit's requirements. *United States v. Ordonez,* 737 F.2d 793, 810 (1984). The court found that the disclosure of Mr. Milan's true identity would lead to no testimony or other evidence that would have been of material benefit to the defense. We have reviewed the transcript of the *in camera* proceedings. We conclude that the district court's findings were not clearly erroneous and that it did not abuse its discretion when it permitted the government to exercise its *Roviaro* privilege. *United States v. Anthony,* 444 F.2d 484, 487 (9th Cir.1971).

■ During the trial, appellant argued that his investigators had deduced Milan's identity, or at least an alternative alias for him, and that this discovery precluded the government from continuing to exercise its *Roviaro* privilege. This argument formed the basis of appellant's demand that the court must order the government to accept a subpoena for Milan. If appellant's investigators have deduced only one of Milan's aliases, the government still maintains its interest in hiding his true identity and whereabouts, not just to protect him, but also to preserve his potential contribution to the investigation of other cases. If, on the other hand, appellant's investigators have deduced Milan's true identity and lo-

cation, we fail to understand why he needs the government to accept a subpoena on Milan's behalf. Appellant may subpoena Milan himself. Furthermore, Beltran's alleged knowledge of the informer's identity adds no weight to his side of the balance scales. The substance of Milan's potential testimony remains of no material benefit to Beltran's defense whether or not Beltran knows Milan's true identity.

■ Allowing the government to refuse to accept a subpoena for an informer is also analogous to allowing the government to deport witnesses whom a defendant may wish to subpoena. Again the effects are the same; the individual loses the value of the deportee's testimony and the public gains the value of more efficient law enforcement. If the government deports a witness whom a defendant wishes to question, a defendant cannot establish a violation of his right to compulsory process unless the defendant can show the testimony would have been "both material and favorable to the defense." *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867–71, 102 S.Ct. 3440, 3446–48, 73 L.Ed.2d 1193 (1982); *see also United States v. Guzman,* 852 F.2d 1117, 1122 (9th Cir.1988). The same materiality requirement governs a due process claim; *i.e.,* the government's acts must have prevented the defendant from receiving a fair trial. *Valenzuela-Bernal,* 458 U.S. at 872, 102 S.Ct. at 3449. If the government may make a witness unavailable to a defendant in order to advance the government interest in efficient immigration policies, the government may make a witness unavailable in order to advance its law enforcement efforts. Such government action does not abridge the defendant's rights unless the defendant shows that the testimony of the witness would have been material and favorable or the defendant shows that the government's actions otherwise denied him a fair trial.

## CONCLUSION

The district court did not abuse its discretion in determining that the testimony of the informer would not be material and favorable to Beltran's defense. Because

the testimony was not material and favorable, the district court properly refused to order the government to accept a subpoena for the informer.

AFFIRMED.