988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin Quintana GARCIA, Defendant-Appellant.
 No. 90-50356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1992.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-89-919-Kn; David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Garcia presents two arguments on appeal. He contends that (1) the affidavit supporting the warrant to search his apartment relied on stale information, and that (2) the district court judge should have compelled the government to disclose the identity of the confidential informant ("CI") who supplied the aforementioned information to federal agents. Because the "stale" information was only seven days old, and Garcia's notion that the CI "might" testify a certain way was merely speculation, we affirm the decision below.
 
 I.
 
 3
 On November 2, 1989, Bureau of Alcohol, Tobacco and Firearms ("ATF") agents executed a search warrant at an apartment in Long Beach, California. The agents found several individuals inside the apartment, including Garcia. In an attic crawl space, the agents found 75.6 grams of cocaine base and an Ohaus triple beam scale. When confronted, Garcia admitted that the cocaine and scale were his, as were other items found in the apartment, including $1000 in cash and a .32 caliber semi-automatic pistol.
 
 
 4
 At the ATF office in Long Beach, Garcia signed a written waiver of his rights, and, in a written statement, admitted that he had been selling cocaine from the apartment for approximately four months. At trial, however, Garcia contended that the 75.6 gram quantity of cocaine base found in the crawl space was for personal use, and that the scale was purchased to prevent his suppliers from "shorting" him.
 
 
 5
 Garcia was convicted by a jury of possession of cocaine base with intent to distribute within 1000 feet of a school yard. He was sentenced to 151 months custody. We have jurisdiction on appeal pursuant to 28 U.S.C. § 1291 (1988).
 
 II.
 A.
 
 6
 Garcia maintains that the seven-day delay in obtaining a search warrant "negated any showing of probable cause" because the information in the affidavit became stale. The affidavit revealed that a CI had contacted the averring ATF special agent on October 20, 1989. The CI told the agent that he had observed two drug transactions at an apartment in Long Beach, the first on October 6, 1989, and the second on October 19, 1989. The CI also told the agent that he had seen a variety of firearms in the apartment on both occasions, and, on October 19, 1989, "observed nine blocks, each measuring approximately twelve inches by four inches by six inches, wrapped in aluminum foil (identified by one of the [individuals in the apartment] as one kilo each bricks of cocaine) situated on the kitchen table." The magistrate judge issued a search warrant on the basis of the ATF agent's affidavit on October 26, 1989. The warrant was executed November 2, 1989.[1]
 
 
 7
 We review a magistrate judge's decision to issue a search warrant for clear error. United States v. Bertrand, 926 F.2d 838, 841 (9th Cir.1991). Our review "shows deference to the issuing magistrate [judge]'s determination" and is "less probing than de novo review." In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 856 (9th Cir.1991) (internal quotation marks omitted).
 
 
 8
 In this circuit it is well-settled that "[s]taleness [of the supporting affidavit] must be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought." United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (citing Foster, 711 F.2d at 878). As Garcia himself notes, "[t]he length of the time lapse alone is not controlling since even a brief delay may preclude an inference of probable cause in some circumstances while in others a relatively long delay may not do so." Durham v. United States, 403 F.2d 190, 194 n. 6 (9th Cir.1968).
 
 
 9
 The magistrate judges's determination that a search warrant should be issued is well within the sphere of published precedent. Greany, 929 F.2d at 525 (two-year-old information not stale; when evidence sought is of long-term, ongoing criminal business, "greater lapses are permitted"); United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986) (affidavit detailed heroin sales in late April and early May 1985, search warrant issued May 24, 1985; "[w]ith respect to drug trafficking, probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity"); United States v. Landis, 726 F.2d 540, 542 (9th Cir.) (informant's information from late 1981, corroborated in April 1982, provided issuing judge substantial basis for finding probable cause that methamphetamine evidence would be found in appellant's residence in June 1982; "continuous nature of the activity diminishes the significance of the time lag between the acts described in the affidavit and the presentation of the affidavit" to the issuing judge), cert. denied, 467 U.S. 1230 (1984); Foster, 711 F.2d at 878 (affidavit linked appellant to heroin sale "only three months before the warrant was executed"); see also United States v. Sturmoski, 971 F.2d 452, 457 (10th Cir.1992) (informant's observation of methamphetamine lab during summer 1990 not stale for purposes of corroborating another informant's personal knowledge; "the passage of time is not of critical importance" where "[t]he offense in question was ongoing and continuing"); United States v. Tabares, 951 F.2d 405, 408 (1st Cir.1991) (informant had "been inside the apartment and observed cocaine there 'within the past ten days' "; thus, "[t]he information [was] not stale").
 
 
 10
 In short, it was "entirely reasonable ... to assume that in the absence of interdiction, the [residence] would continue to serve as a fixed and secure location for drug sales." United States v. Allen, 960 F.2d 1055, 1057 (D.C.Cir.), cert. denied, 113 S.Ct. 231 (1992). Thus, the information in the affidavit submitted to the magistrate judge was not stale, and the district court did not err in denying Garcia's motion to suppress statements made and evidence gathered as a result of the November 2, 1990 search.
 
 B.
 
 11
 Garcia also argues that the district court abused its discretion by refusing to compel the government to disclose the identity of the CI. The trial court's decision whether to require the disclosure of the identity of an informer is, as both parties agree, reviewed for abuse of discretion. United States v. Gonzalo Beltran, 915 F.2d 487, 488 (9th Cir.1990). "If the CI's [sic] had testified that Garcia was not present at either of the narcotics transactions described in the affidavit," appellant contends, "this might have been a fatal blow to the government's case against Garcia for possession of narcotics with intent to distribute." Blue Brief at 21-22 (emphases added).
 
 
 12
 The CI in this case was not a witness to or a participant in the charged offense. Moreover, Garcia has been unable to demonstrate that the CI's testimony would have been as suggested. This circuit has long required more; "[m]ere speculation that the informer might possibly be of some assistance is not sufficient to overcome the public interest in the protection of the informer." Lannom v. United States, 381 F.2d 858, 861 (9th Cir.1967), cert. denied, 389 U.S. 1041 (1968); accord United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990). The district court did not abuse its discretion in denying the motion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Garcia actually argues about a 14-day delay. See, e.g., Blue Brief at 19. While it is true that 14 days passed between October 19, 1989 (the day the informant saw nine kilograms of cocaine in the apartment) and November 2, 1989 (when the search warrant was actually executed), the relevant time period is October 19, 1989 to October 26, 1989 (the day the warrant was issued). Garcia cites no case in support of his counting theory. United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984), describes a three-month gap between a drug sale cited in a supporting affidavit and the date the warrant was executed. Assuming that, like the warrant here, the warrant in Foster had a 10-day life span, the relevant gap would still have been over 2 1/2 months. As noted below, the court in Foster rejected a staleness argument and upheld the district court's finding of probable cause. Id