8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Andrew GRIESEMER, Defendant-Appellant.
 No. 92-10364.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1993.*
Decided Oct. 5, 1993.
 
 1
 Before: POOLE and FERNANDEZ, Circuit Judges, and KELLEHER, Senior District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Charles Andrew Griesemer appeals his convictions for conspiracy and possession with intent to distribute marijuana arising from his arrest at a marijuana stash house. We affirm.
 
 DISCUSSION
 
 4
 A. Disclosure of Confidential Informant.
 
 
 5
 In balancing defendant's interest in preparing his defense against society's interest in protecting the flow of information, the court considers three factors: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure." United States v. Gonzalo Beltran, 915 F.2d 487, 489 (9th Cir.1990).
 
 
 6
 Here, the informant was a mere tipster; he had observed marijuana on the premises but was not involved in any transaction with Griesemer. At best, the informant could testify that Griesemer was not present in the house on November 30. That testimony would do little to further Griesemer's defense of "mere presence" in the house at the time the search warrant was executed. There was evidence that the informant was still providing information to law enforcement officials. Given the balance of factors in this case, the district court did not abuse its discretion in refusing to disclose the informant's identity or conduct an in camera hearing. See, e.g., Gonzalo Beltran, 915 F.2d at 489; United States v. Jaramillo-Suarez, 950 F.2d 1378, 1386-87 (9th Cir.1991); United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir.1989), cert. denied, 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990).
 
 
 7
 B. Motion to Suppress.
 
 
 8
 (1) Dog Sniff.
 
 
 9
 Griesemer claims that the alert by a narcotics detecting dog, Josh, constituted an illegal search. We have recently decisively rejected that contention. See United States v. Lingenfelter, 997 F.2d 632, 637-39 (9th Cir.1993) (dog sniff at warehouse door); see also United States v. Solis, 536 F.2d 880, 881-83 (9th Cir.1976) (dog sniff of trailer parked behind gas station). There are two minor differences between this case and Lingenfelter, neither of which has legal significance. First, the property used in this case was residential in character, whereas the property in Lingenfelter was commercial. But the principles set forth in Lingenfelter are equally applicable here, and the property here was not being used as a residence--it was a drug warehouse. Second, while Carlos, the dog in Lingenfelter, did not invade the curtilage, Josh ultimately did. However, that piece of doggie behavior was of no significance. He was called back immediately. More importantly, his entering the curtilage in pursuit of the source of the odor was not the point. The point was Josh's detection of the odor itself. That took place in the public street, just as Agent Irby's earlier detection had.
 
 
 10
 (2) Age of Information.
 
 
 11
 Griesemer claims that the information provided by the informant was stale and could not be used to support probable cause. Whether information is stale depends on "the nature of the criminal activity and the kind of property for which authorization to search is sought." United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984); see United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986).
 
 
 12
 Here, the large quantity of marijuana and the informant's statement that the persons in the house are "continually trying to sell it off" suggested that the criminal activity was continuing. The informant's 5-day-old information was confirmed just hours before the warrant was issued. Thus, the informant's statements were not too stale to support probable cause. See United States v. Nance, 962 F.2d 860, 864 (9th Cir.1992).
 
 
 13
 C. Sufficiency of the Evidence.
 
 
 14
 After reviewing the record in this case, we find that there was sufficient evidence to conclude that Griesemer participated in a conspiracy. The existence of a scheme to possess and distribute marijuana from 4301 N. Bidahochi was proved by the quantity of marijuana, materials and equipment for weighing and packaging the drug into smaller quantities for resale, and drug ledgers which recorded "in" and "out" transactions. Griesemer's connection to the conspiracy may be inferred from the fact that the essentially unfurnished house was obviously a drug warehouse. Unlike the cases cited by Griesemer, there is no plausible explanation consistent with innocence for being holed up in a warehouse, a secret hiding place for contraband worth hundreds of thousands of dollars, for a lenghty period. Contrast, e.g., United States v. Vasquez-Chan, 978 F.2d 546, 550-52 (9th Cir.1992) (defendants happened to reside in a place they did not own where others had drugs stored); United States v. Jose Luis L., 978 F.2d 543, 545-46 (9th Cir.1992) (defendant might easily have simply stumbled upon a drug cache). It is highly improbable that anyone unconnected with the conspiracy would even know of the existence of the warehouse, much less be allowed to enter and remain on the premises for several hours. See United States v. Valles-Valencia, 811 F.2d 1232, 1239-40 (9th Cir.), modified on other grounds, 823 F.2d 381 (1987).
 
 
 15
 Possession may be proved circumstantially by evidence of dominion and control over the drug, although mere proximity or presence on property where drugs are found is insufficient. United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). Knowledge and intent to distribute may be inferred from the large amount of marijuana and the presence of the compactor and packaging materials. Id. at 838. Here all of the circumstances pointed to more than mere proximity. Griesemer had complete access to the marijuana and there was nothing to interfere with his dominion and control over the whole house. Griesemer's conviction of possession of marijuana with intent to distribute is supported by sufficient evidence.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3