51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Ernest RAMOS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Reyes MENDOZA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gonzalo HERNANDEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah Lynn MENDES, Defendant-Appellant.
 Nos. 93-50416, 93-50531, 93-50546 and 93-50559.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Decided March 2, 1995.
 
 IN PART AND VACATED IN PART.
 Before: SCHROEDER, FLETCHER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these appeals, all of the defendants-appellants were convicted of participating in a major conspiracy to traffic in cocaine between 1988 and 1992. Richard Ramos and Deborah Mendes were also convicted of conspiring to launder funds and to structure financial transactions to avoid reporting requirements. Richard Ramos appeals his sentence of 324 months, and Carlos Reyes Mendoza, Gonzalo Hernandez and Deborah Mendes, appeal their jury convictions and sentences of 360, 292 and 292 months, respectively. With the exception of Mendes' structuring conviction, which we must reverse on account of the Supreme Court's holding in Ratzlaf v. United States, 114 S.Ct. 655 (1994), we affirm the defendants' convictions and sentences.
 
 I. Pre-trial
 A. Compulsory process claim
 
 3
 Reyes Mendoza and Hernandez both claim that the district court denied them compulsory process when it refused to subpoena an FBI agent whose involvement with this case had been minimal. The district court did not abuse its discretion in determining that the proffered evidence would be irrelevant. See Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir.1992). These defendants failed to make the requisite showing that the testimony they sought to present "would have been 'both material and favorable to the defense.' " United States v. Gonzalo Beltran, 915 F.2d 487, 489 (9th Cir.1990) (citation omitted).
 
 B. Denial of motion to suppress date book
 
 4
 Mendes claims the district court should have suppressed a photocopy of her date book made by government agents while she was detained at the Mexico-United States border. This contention lacks merit. Custom officials are "entitled to seize ... documents" where, as here, the officials have "been notified that [the documents are] the instrumentalities of a crime involving the illegal importation of [narcotics]." United States v. Schoor, 597 F.2d 1303, 1306 (9th Cir.1979). Customs officials detained Mendes at the Mexico-United States border after they found two marijuana cigarettes in her possession and after a computer query revealed that she was the subject of a "lookout." Special Agent Robert Mattivi, who had been investigating Mendes since April 1991, notified customs inspectors that Mendes was suspected of being involved in a narcotics trafficking conspiracy. He asked customs inspectors to search Mendes' vehicle and to copy any documents evidencing her illegal activities. The evidence could have been seized outright. Mendes points to nothing in the circumstances of this case that would make the photocopying unreasonable. Cf. United States v. Cardona, 769 F.2d 625, 629 (9th Cir.1985) (photocopies suppressed because copied items could not be seized).
 
 C. Illegal wiretap claim
 
 5
 Mendes claims that the evidence against her should have been suppressed as the fruit of an illegal wiretap because the affidavit supporting the wiretap did not establish that interception was necessary, as required by 18 U.S.C. Sec. 2518(1)(c). This claim fails. The government submitted an exhaustive account of the course of this investigation and the reasons why traditional search warrants would prematurely disclose the existence of the investigation. The affidavit was "full and complete" and amply supported the government's claim of necessity. See United States v. Brown, 761 F.2d 1272, 1275 (9th Cir.1985). The district court did not abuse its discretion in ruling that the wiretap was necessary. United States v. Torres, 908 F.2d 1417, 1422 (9th Cir.), cert. denied, 498 U.S. 905 and 498 U.S. 948 (1990).
 
 II. Trial
 A. Sufficiency of the evidence
 
 6
 Reyes Mendoza, Hernandez and Mendes each claim that the evidence was insufficient to sustain his or her conviction. These claims fail. The jury was free to reject the implausible explanations the defendants offered for their conduct. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). Viewing the evidence in the light most favorable to the government, rational juror could have found each defendant guilty. United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992).
 
 B. Expert testimony
 
 7
 Reyes Mendoza, Hernandez and Mendes all claim the district court abused its discretion by admitting expert testimony on the modus operandi of drug traffickers. This contention fails. The testimony likely helped the jury to understand how the activities of the various defendants advanced the aims of the conspiracy. United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988); Fed.R.Evid. 702. Furthermore, the risk of unfair prejudice did not substantially outweigh the evidence's probative value. Fed.R.Evid. 403; cf. United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992).
 
 C. Admission of co-conspirators' statements
 
 8
 Reyes Mendoza, Hernandez and Mendes all claim the district court erred by admitting co-conspirators' statements that were not made in furtherance of the conspiracy. None of the statements which Reyes Mendoza and Hernandez contest implicate them directly. Any error in admitting the contested statements against Reyes Mendoza and Hernandez was harmless. United States v. Castaneda, 16 F.3d 1504, 1509 (9th Cir.1994).
 
 
 9
 Unlike Hernandez and Reyes Mendoza, Mendes failed to object to the co-conspirators' statements at trial. We therefore review admission of the statements against her for plain error, Fed.R.Crim.Proc. 52(b); United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993), and we discern none. Statements intended to keep co-conspirators abreast of an ongoing conspiracy's activities are "in furtherance of" the conspiracy and thus are admissible under Fed.R.Evid. 801(d)(2)(E). United States v. Yarbrough, 852 F.2d 1522, 1535 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Even if any of the statements Mendes contests were improperly admitted, their admission could not possibly have altered the outcome of the trial given the strength of all the other evidence against her.
 
 D. Evidence of canine alerts
 
 10
 Reyes Mendoza claims the district court should not have allowed evidence that narcotics dogs alerted to the ceiling of his tour bus because authorities did not search further for contraband. This claim lacks merit. The evidence was admissible because it tended to show that cocaine was secreted or had recently been secreted in the roof of the bus, Hitt, 981 F.2d at 423; Fed.R.Evid. 401, and it was unlikely to awaken in the jury an irrational desire to punish Reyes Mendoza based upon his character alone, cf. Hitt, 981 F.2d at 424.
 
 E. Jury instruction
 
 11
 As the government concedes, Mendes's conviction for conspiracy to structure currency deposits must be reversed because the district court failed to instruct the jury on the statute's intent requirement. Ratzlaf, 114 S.Ct. at 657.
 
 III. Sentencing
 A. Amount of cocaine
 
 12
 Reyes Mendoza and Hernandez claim the district court erred by sentencing them on the basis of all of the cocaine the authorities seized in this investigation. This contention lacks merit. A preponderance of the evidence showed that all of the cocaine the authorities seized in this case came in Reyes Mendoza's tour bus to the Goldmine warehouse, where it was loaded onto utility trucks for distribution. See United States v. Mun, 928 F.2d 323, 324 (9th Cir.1991).
 
 B. Organizer/Leader
 
 13
 Ramos claims the district court erred by sentencing him as an organizer or leader. This claim fails because there was ample evidence from which the district court could conclude that Ramos exercised authority over others. United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993), cert. denied, 115 S.Ct. 96 (1984).
 
 C. Ineffective assistance claim
 
 14
 Reyes Mendoza claims that his counsel's failure to seek a minor or minimal role adjustment at sentencing amounted to ineffective assistance. This claim fails because a role adjustment was so inappropriate in Reyes Mendoza's case, that there is no reasonable probability that the district court would have granted one had counsel asked. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994).
 
 D. Minimal role adjustment and departure
 
 15
 Hernandez claims the district court erred by refusing him a minimal role adjustment, and by concluding that it lacked the discretion to depart on the ground that his base offense level overrepresented his culpability. These claims fail. The district court did not clearly err by deciding that Hernandez' hauling "huge quantities of cocaine out of that warehouse" precluded a finding that his role in this conspiracy was minimal. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). Moreover, the district court correctly concluded that it could not depart on the basis of a proposed amendment to the Guidelines. United States v. Aldana-Ortiz, 6 F.3d 601, 602 (9th Cir.1993).
 
 
 16
 For the above reasons we VACATE Mendes' conviction for conspiracy to structure currency deposits and AFFIRM all the other convictions and sentences.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3