56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Dean DAVIS, Defendant-Appellant.
 No. 94-10382.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1995.
Decided May 31, 1995.
 
 Before: CUMMINGS,* SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Dean Davis was convicted of two counts of possession of narcotics with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Prior to trial, Davis made two unsuccessful motions: the first for disclosure of the identity of a government informant, the second to suppress evidence gathered during a search of the premises where he was apprehended. At trial, Davis requested but was refused a lesser included offense instruction on simple possession. Davis now appeals the two pretrial rulings and the district court's failure to give the jury instruction. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The confidential informant whose identity Davis wished disclosed was responsible for the tip that led police to Davis' Sacramento house. Police arranged for the informant to make an undercover purchase from the house--from an individual later identified as "Pops" Davis, Jerry's father--and on the basis of that transaction and subsequent observation obtained a search warrant for the premises, which was executed by a team of sheriff's deputies some two to twelve days later. Officers saw Davis throw a yellow bag over a fence at the back of the property, and found controlled substances, weapons, drug paraphernalia and cash in and around the house and in the yellow bag recovered from the back yard.
 
 I.
 
 4
 Davis argues on appeal that the district court's decision not to order the government to identify the confidential informant, made without a hearing, is reversible error. We review the district court's decisions on whether to conduct a hearing and whether to order disclosure for abuse of discretion. United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993); United States v. Sai Keung Wong, 886 F.2d 252, 255 (9th Cir. 1989).
 
 
 5
 The government's limited privilege to withhold the identity of confidential informants may be overcome on a showing that disclosure would be "relevant and helpful to the defendant's case." Spires, 3 F.3d at 1238; Sai Keung Wong, 886 F.2d at 255-56. The court must balance the Government's interest against that of the defendant. United States v. Gonzalo Beltran, 915 F.2d 487, 489 (9th Cir. 1990). When the defendant makes a minimal showing that disclosure would be helpful to him, the district court must conduct an in camera hearing to explore further whether any basis exists for disclosing the informant's identity. Spires, 3 F.3d at 1238.
 
 
 6
 In this case, Davis failed to make a minimal showing that disclosure of the informant's identity would be either relevant or helpful to his defense. The informant was not a percipient witness to any critical event, let alone the lone such witness. See Sai Keung Wong, 886 F.2d at 256. His sole involvement in the case was his controlled purchase of cocaine from Davis' father, a transaction which supported issuance of the search warrant but was not made the basis of a charge against Davis nor relied on by the government at trial. This Court has previously held that where an informant is used solely to establish probable cause for a search, no disclosure is required. United States v. Williams, 898 F.2d 1400, 1401-02 (9th Cir. 1990). As in Williams, Davis was charged on the basis of a police search which uncovered evidence of drug activity, not on the basis of the previous transaction. The informant was not present during nor connected with that subsequent search.
 
 
 7
 Regardless of the informant's lack of connection to the charged criminal activity, disclosure--or at least an in camera hearing to explore it--still would be appropriate if Davis could demonstrate that the informant's identity would bolster any tenable theory of his defense. Davis argues that the informant could support his contention that his father, not he, was responsible for the drug sales on the premises. However, whether or not Davis' father sold drugs is irrelevant to the adjudication of Davis' guilt for possession of drugs with intent to distribute. The existence of an unindicted co-conspirator does not alleviate the guilt of a charged conspirator. Thus, with no nexus between the informant's participation and knowledge and Davis' defense, the court did not err in denying the motion to disclose without first holding an in camera hearing.
 
 II.
 
 8
 Davis also challenges the validity of the search warrant, arguing that the information relied on in support of its issuance was stale. The standard of review on this issue is clear error. United States v. McQuisten, 795 F.2d 858, 861 (9th Cir. 1986). We are concerned only with whether the issuing judge had a substantial basis for concluding that probable cause existed at the time the warrant was issued. United States v. Cannon, 29 F.3d 472, 478 (9th Cir. 1994).
 
 
 9
 Davis does not contest the conclusion that, had the warrant been issued immediately following the informant's controlled buy, there would have been probable cause. Instead he argues that the warrant was stale because that transaction, which accounted for the bulk of the information contained in the supporting affidavit, had occurred at least two and perhaps as many as 12 days prior. Yet the circumstances of that transaction--particularly the fact that the informant was given a variety of pieces of rock cocaine to choose from--supported an ongoing narcotics operation rather than an isolated occurrence. This Circuit has held that probable cause is not limited to discrete individual drug purchases when drug trafficking is suspected. "Probable cause may continue for several weeks ... of the last reported instance of suspect activity." United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986); see also United States v. Hernandez-Escarsega, 886 F.2d 1560, 1566 (9th Cir. 1989) (staleness arguments lose force with respect to continuing narcotics operation), cert. denied, 497 U.S. 1003 (1990). It was not clear error for the district court to find probable cause given the information represented in the affidavit.
 
 III.
 
 10
 Finally, Davis challenges the district court's refusal to give an instruction on the lesser included offense of simple possession. We review this contention for abuse of discretion. United States v. Gutierrez, 990 F.2d 472, 477 (9th Cir. 1992). To be entitled to such an instruction Davis must demonstrate that there existed as a matter of law a lesser included offense and that a rational jury could find him guilty of the lesser included offense but not the greater. Id.; United States v. Espinosa, 827 F.2d 604, 615 (9th Cir. 1987), cert. denied, 485 U.S. 968 (1988). If a jury could not convict a defendant of the lesser included offense without relying on the precise facts that establish his guilt for the charged offense, he is not entitled to the lesser included offense instruction. Gutierrez, 990 F.2d at 477.
 
 
 11
 While simple possession clearly is as a matter of law a lesser included offense of possession with intent to distribute, Davis has not established that a rational jury could find him guilty of the former without also finding him guilty of the latter--an understandable failure, given the large amounts of drugs and distribution materials discovered on the premises. The Ninth Circuit has consistently upheld denials of simple possession instructions in cases involving large quantities of drugs and distribution materials, evidence of intent to distribute. See, e.g., United States v. Powell, 932 F.2d 1337, 1342 (9th Cir.) (no simple possession instruction required where defendant arrested with large quantities of cocaine and other evidence tending to establish distribution), cert. denied, 502 U.S. 891 (1991); Espinosa, 827 F.2d at 615 (defendant's constructive possession necessarily entailed intent to distribute). In the instant case, the large amounts of narcotics, distribution materials, and cash recovered--as well as the lack of any evidence that the drugs were intended for personal use--were similarly inconsistent with a simple possession theory. Davis attempts to pin the intent to distribute on his father; but once he was found to have possessed the cocaine himself, the only rational conclusion was that he too intended to distribute the narcotics. See id. at 615 (where defendant as well as others had access to drugs, if the jury found possession on defendant's part they "could not rationally conclude that there was no intent to distribute.").
 
 
 12
 The district court's rulings on the motions for disclosure of the confidential informant and suppression of the search warrant, as well as his refusal to provide a lesser included offense instruction, thus are AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3