**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50215 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00794-DMG-1 |
| v. | |
| DEVERICK DESHAWN MATHIS, AKA D Dog, AKA Deverick Davis, AKA Dee Dog, AKA Donald Hogan, AKA Rodney Lovelle Jennings, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50230 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00794-DMG-3 |
| v. | |
| MARCUS LUSHOUND DENNIS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted September 10, 2019
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, BENNETT, and MILLER, Circuit Judges.

Deverick Mathis and Marcus Dennis appeal their convictions of conspiracy to distribute marijuana and related crimes following a jury trial. Mathis also appeals his enhanced mandatory minimum sentence. We have jurisdiction under 18 U.S.C. § 1291. We affirm.

1. Mathis and Dennis contend the transcript of a sealed hearing about a confidential informant's identity should have been disclosed to facilitate a possible claim of error under *Roviaro v. United States*, 353 U.S. 53 (1957). We have independently reviewed the sealed record to determine the adequacy of the district court's inquiry. *See United States v. Gil*, 58 F.3d 1414, 1417 n. 2 (9th Cir. 1995); *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990). Assuming without deciding that the transcript should have been made available, we conclude that, under the circumstances of this case, any error was harmless beyond a reasonable doubt. Fed. R. Crim. P. 52(a); *Neder v. United States*, 527 U.S. 1, 7–8 (1999).

2. The district court did not abuse its discretion in finding necessity for the wiretaps. *See United States v. Estrada*, 904 F.3d 854, 862–63 (9th Cir. 2018). Each wiretap application articulated why it was needed and what new information the investigation hoped to learn. Although other evidence linked Mathis and Dennis to discrete crimes, the wiretaps were necessary to link both defendants to

the overall conspiracy beyond a reasonable doubt. *See id.* at 863–64.

3. Viewed in the light most favorable to the prosecution, there was sufficient evidence from which the jury could find the existence of one overall conspiracy beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). The evidence showed that Mathis and Dennis participated in a variety of suspicious and criminal acts together over two years, culminating in phone calls between Mathis and Dennis discussing a marijuana shipment to Ohio, the arrest of Dennis, and the seizure of over 400 pounds of marijuana. A reasonable jury could have found the existence of one overall conspiracy among the same people engaged in similar conduct over the two-year period. *See United States v. Laney*, 881 F.3d 1100, 1109 (9th Cir. 2018).

4. The district court did not plainly err in conducting the 21 U.S.C. § 851(b) inquiry of Mathis by minute order rather than orally in open court. *See United States v. Reed*, 575 F.3d 900, 928 (9th Cir. 2009). The statute requires that the court "inquire of the person," not that the court do so orally in open court. Nor have we ever squarely held that the § 851(b) inquiry must be done orally. Mathis stretches our precedent too far in suggesting otherwise, because in the cases he cites the district court failed to conduct the § 851(b) inquiry at all. *See United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017); *United States v. Ocampo-Estrada*, 873 F.3d 661, 667 (9th Cir. 2017).

5.  On de novo review, *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009), the provisions used to enhance Mathis' mandatory minimum sentence are not unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The parties dispute whether to use a facial or as-applied inquiry, but we need not address that issue because the sentencing scheme survives both.  The as-applied challenge is foreclosed by *United States v. Van Winrow*, 951 F.2d 1069, 1072 (9th Cir. 1991).  As for the facial challenge, a felony drug offense includes an offense "relating to narcotic drugs," 21 U.S.C. 802(44); "narcotic drug" is further defined to include "[c]ocaine, its salts, optical and geometric isomers, and salts of isomers," 21 U.S.C. § 802(17)(D).  In other words, the statute facially enhances a sentence for having a prior conviction relating to cocaine.  The fact that "relating to" is broad language does not itself create a "task for us which at best could be only guesswork." *Johnson*, 135 S. Ct. at 2560.  Mathis' additional vagueness arguments arise from other clauses of § 802(44), such as the "anabolic steroids" and "depressant or stimulant substances" clauses, that do not apply to Mathis' prior conviction.  *Johnson* does not suggest that a defendant may base a vagueness claim on clauses that do not apply to him.  *See id.* at 2556 (analyzing the residual clause separately from the rest of the Armed Career Criminal Act).

**AFFIRMED.**

4