UNITED STATES of America, Plaintiff,

v.

Gary Lee SPIRES, Defendant.

No. SACR 91–0001–GLT.

United States District Court,
C.D. California,
Santa Ana Division.

Nov. 27, 1991.

---

Stephen G. Wolfe, Asst. U.S. Atty., Santa Ana, Cal., for plaintiff.

Maria G. Valdez, Deputy Federal Public Defender, Santa Ana, Cal., for defendant.

## MEMORANDUM ORDER

TAYLOR, District Judge.

This case presents the question whether a warrantless probable cause search of an impounded vehicle is constitutionally justified if not conducted approximately contemporaneously with the vehicle's seizure, but is conducted a week later. The court holds that the search is valid.

## I. BACKGROUND

The defendant, Gary Lee Spires, is charged with possession of methamphetamine, use of firearms, and firearm possession[1], based on evidence obtained in sever-

al separate searches. While all of the searches have been the subject of various pretrial motions, the limited issue addressed by this opinion is whether the evidence obtained from a search without a warrant of the defendant's impounded vehicle seven days after his arrest and the vehicle seizure should be suppressed.

In March, 1990 the police received an anonymous tip that Spires was selling drugs from his home. After a week of surveillance, police obtained a valid search warrant, searched the house, and discovered drugs and machineguns.

■ During the search, Spires drove by the house in his truck, spotted the police, and drove away. The police pursued and stopped him. Spires was detained and driven back to the house, where the search was still in progress. At the house, the police searched the vehicle and found 96 grams of methamphetamine located within a container in the truck. The court found that probable cause supported the search.[2]

As a consequence of the drugs and firearms discovery in the house and truck, Spires was arrested and his truck was impounded.

Seven days later, the police received an anonymous tip that additional drugs were still hidden in the truck in a false battery. An officer went to the storage yard where the truck was impounded, looked in the "battery" without a warrant, and found that it contained an additional 441 grams of methamphetamine. Spires moved to suppress the evidence found in the false battery.

## II. DISCUSSION

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV.

---

1. *U.S.A. v. Spires,* 755 F.Supp. 890 (C.D.Cal. 1991).

2. The search of the container was constitutional under the automobile exception, allowing police to search an automobile and any container within the automobile if there is probable cause

to believe that either the automobile or the container is carrying contraband. *United States v. Ross,* 456 U.S. 798, 823–824, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982); *California v. Acevedo,* —— U.S. ——, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991).

■ As a consequence of this Constitutional guarantee, the burden is on the government to justify any warrantless search. *See, e.g., Vale v. Louisiana*, 399 U.S. 30, 34, 90 S.Ct. 1969, 1972, 26 L.Ed.2d 409 (1970). In this case, the government relies upon the automobile exception to the warrant requirement as justification for the warrantless search of the defendant's truck.[3]

In *Carroll v. United States*, 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925) the Supreme Court established the automobile exception to the warrant requirement by explaining that there is:

> "a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be moved out of the locality or jurisdiction in which the warrant must be sought."

The Supreme Court held that a warrantless search of an automobile based on probable cause to believe that the vehicle contains evidence of crime, in the light of an exigency arising out of the likely disappearance of the vehicle, did not violate the Fourth Amendment. *Id.* at 158–159, 45 S.Ct. at 287.

A few Supreme Court cases, however, have applied the automobile search exception to searches conducted after the exigency has passed and the vehicle is impounded in police custody. In *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), a car search took place at the police station where the vehicle was impounded and after the driver had been arrested. Holding the later search valid, the Court held that the existence of probable cause and exigent circumstances for purposes of a valid warrantless search is to be determined at the time the automobile was seized. *Id.* at 52, 90 S.Ct. at 1981. The Court based the validity of the later search on the ruling in *Carroll* that an immediate search without a warrant at the moment of seizure would have been permissible. *Id.*

Since *Chambers*, the Supreme Court has repeated and expanded its conclusion that a warrantless automobile search of an impounded vehicle at a station house is constitutional. In *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975), the Court affirmed a warrantless impounded vehicle search, and noted "police officers with probable cause to search an automobile at the scene where it was stopped could constitutionally do so later at the station house without first obtaining a warrant." *White* quoted *Chambers* that " '[t]he probable—cause factor' that developed at the scene 'still obtained at the station house.' " *Id.* 423 U.S. at 68, 96 S.Ct. at 305.

Finally, *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982), construed *Chambers* and *White* to mean

> "when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle even after it has been impounded and is in police custody ... It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant."

*Id.* 458 U.S. at 261, 102 S.Ct. at 3080–3081.

■ Based on these Supreme Court rulings, the police may conduct either an immediate or a delayed impound search of a vehicle if, at the time the vehicle is initially stopped, they have probable cause to justify a warrantless search.

■ The second search of Spires truck occurred seven days after his arrest and

---

**3.** The government also asserts that the defendant consented to the search of the truck on the day he was arrested. Since this Court finds that the search was valid under the automobile exception to the warrant requirement, it will be unnecessary to reach the issue of consent.

impound of his vehicle. By contrast, the impound searches in the cited Supreme Court precedents were more contemporaneous with the arrest and seizure. In *Chambers v. Maroney, supra,* the search is described to have occurred "sometime after the arrest" (399 U.S. at 47, 90 S.Ct. at 1979), but apparently within about a day. In *Texas v. White, supra,* the search apparently occurred the day of the arrest (423 U.S. at 68–69, 96 S.Ct. at 305). The question thus arises whether justification to conduct a warrantless search is eroded or is lost if the search is delayed for as long as seven days, as in the case at bar, rather than being conducted approximately contemporaneously, as in *Chambers* and *White.* This court holds that it is not.

The fact that seven days passed between the seizure of the vehicle and the search is not significant under the Supreme Court analysis. The validity of the station house search arises from a determination that an immediate search without a warrant at the moment of seizure would have been permissible. Whether an exigency exists at the time of the actual search is irrelevant.

In Spires' case the police had probable cause to conduct the search of the vehicle at the time Spires was stopped and the truck was seized. Therefore, a later impound search was constitutionally permissible, whether it occurred the same day or seven days later[4]. Consequently, the evidence discovered in the truck's false battery was properly seized.

### III. DISPOSITION

The search of the impounded vehicle at the police station was a constitutional search under the automobile exception to the warrant requirement. The motion to suppress the evidence is denied.

---

**4.** Compare *Cooper v. State of California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967) (search of impounded vehicle one week after seizure held proper where vehicle seized and impounded as evidence under state narcotics statute).