41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracy Stephen SESSIONS, aka: Tracy Sessions, Defendant-Appellant.
 No. 93-50137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided Oct. 21, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * The district court abused its discretion by not holding an in camera hearing to determine whether the identity of the confidential informant should have been disclosed. In United States v. Spires, 3 F.3d 1234 (9th Cir.1993), we held that the district court must hold an in camera hearing when "the defendant makes 'a minimal threshold showing' that disclosure would be relevant to at least one defense." Id. at 1238 (quoting United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir.1989)). Defendant demonstrated in the district court that the informant's testimony would be relevant to one of his defenses at trial: that not all of the drugs seized at the apartment were his. The confidential informant told an ATF agent she had seen another individual, Tracy McKinney, conduct drug sales at the apartment on at least one occasion, see GSER 45, and that she had seen McKinney at the apartment on another occasion when drug transactions took place, see GSER 47. On the day ATF agents raided the apartment and seized the drugs introduced at trial, McKinney was present and arrested along with defendant. See RT 2/6/92 at 21-22, 29.
 
 
 3
 Certainly, testimony from the informant regarding McKinney's drug trafficking at the apartment could have bolstered defendant's claim that not all of the drugs belonged to him. Defendant thus made the minimal threshold showing required under Spires, and the district court should have conducted an in camera hearing to determine whether disclosure of the informant's identity was required under Roviaro v. United States, 353 U.S. 53 (1957).
 
 
 4
 On remand, the district court shall conduct such a hearing. If, based on the evidence presented, the district court concludes that disclosure was required under Roviaro, it shall vacate defendant's conviction and order a new trial.
 
 II
 
 5
 Sessions next claims the district court erred in failing to dismiss the indictment based on an alleged Giglio violation. We must determine whether the prosecution withheld evidence relevant to the credibility of a government witness and, if so, whether there's a reasonable probability disclosure would have changed the outcome of the trial. See Giglio v. United States, 405 U.S. 150, 154 (1972).
 
 
 6
 Sessions claims the prosecution withheld evidence suggesting that one of its witnesses was biased against him. The evidence of alleged bias came from statements the informant made to defendant. The informant later recanted these statements, however, stating she had lied to defendant to protect her identity. See ER 20. After conducting an in camera hearing, the district court found insufficient evidence to support Sessions' claim. We agree that no evidence relevant to impeachment was withheld.
 
 
 7
 Moreover, even if impeachment evidence were withheld, nothing suggests that disclosure of such evidence would have been material to the trial's outcome. The allegedly biased witness was one of three ATF agents who conducted the search of Sessions' apartment. His testimony merely described the execution of the search warrant and could have been corroborated by either of the other agents present at the scene. Thus, even if the alleged bias had been disclosed, there is no reasonable probability that "the result of the proceeding would have been different." United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991).
 
 III
 
 8
 Sessions also claims error in the district court's refusal to conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Under Franks, a defendant is entitled to a hearing if he makes a substantial preliminary showing that a material false statement was knowingly or recklessly included in a warrant affidavit. United States v. Motz, 936 F.2d 1021, 1023 (9th Cir.1991). Sessions contends that a written statement signed by the informant suggests false information may have been included in the affidavit supporting a search warrant for his apartment. However, the informant later recanted this statement under oath, explaining that she intentionally misled defendant's investigator because she feared retaliation from defendant if he discovered her role in his arrest. GSER 29. After conducting an in camera hearing, the district court concluded that defendant hadn't made a substantial preliminary showing of falsehood. We find no error in this ruling.
 
 IV
 
 9
 Sessions next claims the district court erred in sentencing him on count one of the indictment by ignoring an inconsistency in the jury's verdict. The verdict form indicates that the jury found defendant guilty of both possession with intent to distribute and simple possession. See ER 36. The district court had instructed the jury to consider the lesser-included offense of simple possession only if it acquitted defendant on the charge of possession with intent to distribute. We can't set aside the verdict merely because it was inconsistent with the trial court's instructions, since sufficient evidence introduced at trial supports both convictions. United States v. Smith, 802 F.2d 1119, 1127 (9th Cir.1986).
 
 V
 
 10
 Sessions challenges the district court's refusal to grant a downward departure at sentencing based on his claim of selective prosecution. We review de novo a district court's ruling that it lacks authority to grant a downward departure; we review for clear error its factual finding that a mitigating circumstance is absent. United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992).
 
 
 11
 The district court considered defendant's evidence of race-based selective prosecution and concluded "there is an insufficient showing of selective prosecution ... as far as this case is concerned...." ER 115. The court recognized that it had authority to grant a downward departure, but refused to do so after finding inadequate evidence to support defendant's claim. In light of Sessions' failure to produce any evidence of discriminatory intent, see United States v. Bourgeois, 964 F.2d 935, 939 (9th Cir.1992), the district court did not commit clear error in denying his request.
 
 VI
 
 12
 Finally, Sessions contends the district court erred in using a prior state conviction as the basis for a sentence enhancement under 21 U.S.C. Sec. 841(b). He argues that this conviction is invalid because it was obtained in violation of his right to effective assistance of counsel. We find no evidence in the record to support this claim.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3