42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael PENALOZA, Defendant-Appellant.
 No. 92-50497.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Penaloza appeals his conviction following a jury trial for possession with intent to distribute cocaine and conspiracy, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Penaloza contends that the district court erred in denying his motion for disclosure of a confidential informant's identity. Penaloza contends that he was entrapped by his friend, Dino Giacumuzi, who Penaloza suspects was working for the government as a confidential informant. Alternatively, Penaloza contends that the district court should have conducted a hearing to determine whether Dino Giacumuzi was the confidential informant. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The denial of a motion to compel the disclosure of a confidential informant is reviewed for abuse of discretion. United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990). "We review the judge's determination whether a defendant has made a sufficient showing to justify an in camera hearing on disclosure under the same standard." United States v. Spires, 3 F.3d 1234, 1238 (9th Cir.1993). The government has a limited privilege to withhold an informant's identity. Roviaro v. United States, 353 U.S. 53, 59 (1957); Spires, 3 F.3d at 1238. Where the disclosure of an informant's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. Roviaro, 353 U.S. at 60-61; Sanchez, 908 F.2d at 1451. If the defendant makes a minimal threshold showing that disclosure would be relevant to at least one defense, the district court must conduct an in camera hearing. Spires, 3 F.3d at 1238.
 
 
 4
 In support of his motion for disclosure, Penaloza filed an in camera submission. The government also filed an in camera submission. After reviewing these submissions, the district court denied Penaloza's motion for disclosure of the confidential informant's identity because Penaloza had "not made adequate showing for a need."
 
 
 5
 We have reviewed the in camera submissions and conclude that the district court did not abuse its discretion. See Spires, 3 F.3d at 1238; United States v. Gonzalo Beltran, 915 F.2d 487, 489 (9th Cir.1990). Penaloza failed to make the minimal threshold showing to warrant an in camera hearing on disclosure. See Spires, 3 F.3d at 1238. Disclosure of the informant's identity would not have assisted Penaloza's entrapment defense. See United States v. Sai Keung Wong, 886 F.2d 252, 256-57 (no indication that informant's testimony would tend to establish that government agents induced defendant to commit crime). Accordingly, the district court did not abuse its discretion, since Penaloza failed to show how disclosure would be relevant to an entrapment defense. See Sanchez, 908 F.2d at 1451; Sai Keung Wong, 886 F.2d at 256-57.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3