**AMERICAN SAMOA GOVERNMENT, Plaintiff-Appellee**

**v.**

**ABE SAMANA, Defendant-Appellant**

High Court of American Samoa
Appellate Division

AP No. 20-97

June 25, 1999

Before GOODWIN,[*] Acting Associate Justice; MUNSON,[**] Acting Associate Justice; and TUA`OLO and AFUOLA, Associate Judges.

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals, for the Ninth Circuit, serving by designation of the Secretary of Interior.
[**] Honorable Alex R. Munson, Chief Judge, District Court of Northern Mariana Islands, serving by designation of the Secretary of Interior.

Counsel: For Appellant, Tautai Fa`alevao, Public Defender
 For Appellee, John W. Cassell, for the Attorney General

OPINION

GOODWIN, Acting Associate Justice:

Abe Samana appeals his conviction for Unlawful Production of a Controlled Substance (ASCA § 13.1020) and Unlawful Possession of a Controlled Substance (ASCA § 13.1022). He was sentenced to a 20-year term on the offenses, with an additional ten years added pursuant to ASCA 13. 1023, a recidivist statute. Samana is presently serving his sentence, and his appeal challenges the judgment on a number of grounds.

The charges arose out of an incident that occurred in April of 1997. Officers of the Department of Public Safety procured a search warrant authorizing them to search certain premises, allegedly occupied by Samana, for cut and growing marijuana. When the officers arrived to serve the warrant, Samana engaged in an armed standoff with the officers, ultimately shooting at one of the officers. After several hours, Samana surrendered.

After Samana was removed from the premises, officers executed the warrant and found cut and growing marijuana in and around the premises, in addition to some drug paraphernalia, and expended and live ammunition. No handgun was recovered at the scene.

■■■ Samana contests the validity of the search warrant, the court's denial of his pre-trial motions concerning the warrant, the jury instructions, the verdict, and the sentence. A trial court's factual determinations are reviewed for clear error. The reviewing court affords particular weight to the trial judge's assessment of conflicting and ambiguous facts, especially where the findings are based in part on the trial court's evaluation of conflicting evidence and live testimony. Questions of law or mixed questions of law and fact are reviewed de novo. *Roman Catholic Diocese of Samoa Pago Pago v. Avegalio*, 20 A.S.R.2d 70, 73 (App. Div. 1992).

**Analysis**

A. Search Warrant

1. Probable Cause

■ The Revised Constitution of American Samoa provides that "no warrants shall issue, but upon probable cause. . . ." Art. I, § 5. When

considering whether probable cause exists based on information provided by a confidential informant, the issuing judge should consider whether the circumstances suggest that the informant had some basis for his alleged knowledge, and whether the information and the informant are reliable. *See ASG v. Samana,* 8 A.S.R.2d 1, 6 (Trial Div. 1988). Review of the initial probable cause assessment is deferential. *Id.* at 7 (The reviewing court "may only address whether the evidence viewed as a whole provided a substantial basis for the magistrate's finding of probable cause as opposed to an after the fact de novo assessment of probable cause.")

In this case, Agent Sunia, of the Office of Territorial and International Criminal Intelligence and Drug Enforcement, submitted an affidavit to a magistrate in support of his application for a warrant. Samana argues that the affidavit was insufficient to support the search warrant. We have examined the warrant, and on its face, it supports probable cause to believe that marijuana is growing at the place described in the affidavit. Samana offers only conclusory assertions about the possible motives of law enforcement officers involved in this case, and speculation about facts apparently not contained in the affidavit, in the absence of some specific offer of proof by Samana, that the affidavit is false, his argument fails.

2. Error to deny *Franks* hearing?

█ A criminal defendant may challenge the accuracy of the statements made in the affidavit supporting a request for a warrant, but must meet a high standard to show he is entitled to a hearing on the issue. The defendant may be entitled to a hearing if he meets three conditions: (1) defendant must allege that specific statements in the affidavit were made with reckless disregard for the truth, and must provide reliable, sworn statements of supporting witnesses; (2) defendant may challenge the statement of the affiant only, not of the informant; (3) defendant must also show that the remaining information in the warrant, apart from the information the defendant alleges to be false, would not support a finding of probable cause. *Franks v. Delaware,* 438 U.S. *154,* 171-72 (1978).

█ Samana argues that he was entitled to a *Franks* hearing because (a) the affidavit did not contain an adequate statement of the confidential informant's basis of knowledge, and (b) the affidavit failed to inform the magistrate that an informant used in the past by Lt. Leuma had provided false testimony. [Brief at 15-16] The first argument is clearly off base— in a request for a *Franks* hearing, a defendant may challenge only the veracity of statements made by the affiant. Whether the informant has an adequate basis for his alleged knowledge should be addressed in a direct challenge to the probable cause finding. *See, e.g., American*

The second argument concerns parties entirely unrelated to this proceeding, and is therefore irrelevant. Samana seems to argue that the affiant in this case, Officer Sunia, was merely a puppet of Lt. Leuma. He therefore suggests that it was materially misleading for the affidavit to omit any discussion of a prior incident involving Lt. Leuma, who was not the affiant in this case, and a confidential informant who provided false testimony in a different case, and who is not alleged to be the informant in this case. Samana has not provided any case law suggesting that this information is remotely relevant to the proceedings in this case, He also has not come forward with any evidence that he presented to the trial court at the time of his request for a *Franks* hearing. In the absence of supporting evidence contradicting the affidavit, this argument also fails.

### 3. Error to deny *in camera* hearing?

■ "Where a defendant makes a showing that identification of the government's confidential informant may be relevant and helpful to a possible defense at trial, a district court abuses its discretion if it fails to hold an in camera hearing on disclosure." *United States v. Spires,* 3 F.3d 1234, 1239 (9th Cir. 1993).

Samana argues that he presented information to the trial division, in his pretrial motion for an *in camera* hearing on the identity of the informant, demonstrating that the identity of the informant would be relevant to his defense at trial. It appears, from the Government's brief, that the court heard testimony from Samana's wife in support of his request for an *in camera* hearing. The court initially granted the motion, but vacated the decision after reconsideration of the facts.

■ Samana's failure to provide a transcript of the relevant testimony, a copy of the court order granting the motion or vacating same, or any other evidence in the record pertaining to this issue, makes it virtually impossible to evaluate this argument. While the standard a defendant must meet to receive an *in camera* hearing is relatively low, *see Spires,* 3 F.3d at 1238, and it is conceivable that the record could support such an argument, the burden is on the appellant to produce a record which shows that the court abused its discretion. Samana has provided this court nothing upon which this court can base a conclusion that trial court abused its discretion.

### B. Was the evidence sufficient to support the jury's verdict?

■ There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). We have examined the record and are satisfied that the jury had abundant evidence upon which to base its verdict.

Samana contends, without any supporting evidence or documentation, that (1) the prosecution failed to establish a proper chain of custody for the marijuana introduced into evidence at trial; (2) he was denied the opportunity to fully cross-examine the prosecution's witness concerning the chain of custody; (3) the prosecution failed to establish that he occupied or controlled the land from which the marijuana was seized. Without some support for these allegations in the record, Samana fails to present this court with sufficient grounds to overturn the jury's verdict in this case.

C. <u>Did the trial division err by denying Samana's request to give the jury a specific instruction concerning the degree of knowledge necessary for conviction under the offense charged?</u>

■ Whether a court's instructions correctly state the elements of a crime or adequately covered a defendant's proffered defense is reviewed de novo. *United States v. Amlani,* ill F.3d 705, 716 n.5 (9th Cir. 1997).

Samana contends that the trial division erred by failing to give the jury one of his proposed instructions. The Government has provided copies both of Samana's proposed instruction and the instruction actually given.[1]

A plain reading of the instruction given to the jury does not support Samana's contention that the jury was "free to find appellant guilty regardless of whether he knowingly possessed or cultivated marijuana."

---

[1] Samana requested that the following instruction be given:
> A person may not be convicted of illegal possession or cultivation unless he knows contraband is present and is capable of exercising dominion and control over the contraband, mere proximity to the contraband and presence on the property where it is found is insufficient to establish constructive possession.

The court instructed the jury on the issues of possession as follows:
> A person has possession of marijuana if the person knows of its presence and its nature and has physical control of it, or has the power and intention to control it. More than one person can be in possession of marijuana if the each knows of its presence and its nature and has the power and intention to control it. [Govt. Brief at 24.]

[Samana Brief at 23]. The instruction required the jury to find not only that Samana knew of the marijuana's presence, but also that he knew its nature and had either direct physical control over it, or had the ability and intent to do so. The instruction given by the court is nearly identical to the Ninth Circuit model instruction, with the additional requirement that the defendant must "know the nature" of the contraband. *Ninth Circuit Manual of Model Jury Instructions* § 3.16 (1997). Samana's assertions on this point are without merit.

D. Should the defendant's sentence be reduced by this court?

Samana was sentenced to 20 years of incarceration for Unlawful Production of a Controlled Substance, and a second 5-year sentence for Unlawful Possession, to run concurrently. The 20-year sentenced was enhanced by ten years pursuant to A.S.C.A. § 13.1023, which provides:

> (a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
> (b) An offense is considered a second or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this subchapter or under any statute of the United States or of any state relating to narcotic drugs, marijuana, depressant, stimulant or hallucinogenic drugs.

Samana argues in a conclusory fashion that (1) A.S.C.A. § 13.1023 is unconstitutional because it does not require notice and hearing on the issue of recidivism; (2) the judge was unfairly biased and prejudiced, as evidenced by the punitive sentence; (3) the sentence is clearly excessive, did not conform to the sentencing recommendation, and exceeds the boundaries of fundamental fairness; (4) the prior conviction should not be held against him because it is more than 15 years old.

We address only the first of these arguments, as the last three are essentially not argued nor supported by citation. The sentence imposed is ten years less than the maximum permitted by A.S.C.A. § 13.1023.

■ Federal law requires pre-trial notice to a defendant of the government's intent to use a prior drug conviction to seek a sentence enhancement, *see* 21 U.S.C. § 851, and courts applying this procedural requirement have held the government to a strict standard. *See, e.g., United States v. Belanger*, 970 F.2d 416, 4 18-19 (7th Cir. 1992). In the absence of a statutory requirement of pre-trial notice, the Supreme Court has held that due process entitles criminal defendants to adequate notice and an opportunity to be heard on the issue of recidivism. *See Oyler v.*

*Boles*, 368 U.S. 448, 451-52 (1962). However, the Court held only that notice and hearing must be given prior to sentencing, not prior to the trial, as Samana contends. *See id.* at 452 ("Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense").

Assuming that Samoan law will follow the general due process requirement discussed in *Oyler*, rather than the statutory requirements of 21 U.S.C. § 851, Samana was entitled to receive notice of the government's intent to use his prior conviction for enhancement purposes only at some time prior to the sentencing hearing. The record shows that Samana received such notice because he submitted a motion to exclude proof of the prior conviction. He was afforded an opportunity to be heard on the recidivism issue.

AFFIRMED.