**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos VALLE–LEANOS,**
**Defendant–Appellant.**

**No. 01–10752.**
**D.C. No. CR–99–05383–REC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

.

---

* The panel finds this case appropriate for submission without oral argument pursuant to

Fed. R.App. P. 34(a)(2). Accordingly, Appellant's request for oral argument is denied.

**814**

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM**

Juan Carlos Valle–Leanos appeals his conviction pursuant to a conditional guilty plea for aiding and abetting possession of methamphetamine with intent to distribute in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(2). Valle–Leanos contests the district court's denial of his motion to disclose the identities of confidential informants or hold an in camera review. We affirm.

■ The trial court did not abuse its discretion by refusing to order divulging of the confidential informants' identities to Valle–Leanos. *See United States v. Spires,* 3 F.3d 1234, 1238 (9th Cir.1993). Valle–Leanos failed to adequately show that disclosure was "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro v. United States,* 353 U.S. 53, 60–61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). Valle–Leanos' mere statement that the informants *could* provide information that would be helpful to his defense is insufficient. *See United States v. Sanchez,* 908 F.2d 1443, 1451–52 (9th Cir.1990).

■ Valle–Leanos has also failed to make the "minimal threshold showing that disclosure would be relevant to at least one defense" and is therefore not entitled to an

in camera review. *See United States v. Henderson,* 241 F.3d 638, 645 (9th Cir. 2000). Valle–Leanos has failed to sufficiently allege or even present a factual basis for his assertion that the informants could provide any information that is relevant to his two asserted defenses, entrapment and outrageous government conduct. *See United States v. Jones,* 231 F.3d 508, 516 (9th Cir.2000). Absent such a showing, he is not entitled to an in camera review. *United States v. Jaramillo–Suarez,* 950 F.2d 1378, 1387 (9th Cir.1991); *cf. United States v. Sai Keung Wong,* 886 F.2d 252, 256–57 (9th Cir.1989).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.