**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Aureliano GARCIA–SALAS,**
**Defendant—Appellant.**

**No. 03–50613.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided March 11, 2005.

Matthew Umhofer, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GRABER and CALLAHAN, Circuit Judges, and BREYER,* District Judge.

## MEMORANDUM **

Defendant Aureliano Garcia–Salas appeals his conviction for possessing heroin in a federal prison, in violation of 18 U.S.C. § 1791.

█ 1. The district court did not abuse its discretion in denying Defendant's motion for discovery of the identity of the government's confidential informant or in excluding Defendant's lawyer from the court's *in camera* review of information relating to the informant. Defendant presented neither concrete factual allegations nor a firm theory demonstrating a need for the discovery of information related to the confidential informant. "The 'mere suspicion that information will prove helpful is insufficient to require disclosure.'" *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir.1990) (quoting *United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989)).

In view of the overwhelming evidence against Defendant and the absence of a viable defense theory, this case resembles *United States v. Henderson*, 241 F.3d 638 (9th Cir.2000), more than *United States v. Spires*, 3 F.3d 1234 (9th Cir.1993). To the extent that Defendant speculated about possible relevance, the court asked the appropriate questions *in camera*. We are convinced that the court balanced appropriately the relevance of the informant's identity and the government's interest in protecting that information. *See United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir.1986) (discussing compelling interests in prison security that outweigh a defendant's interest in obtaining prison informant's identity).

█ 2. The district court did not abuse its discretion in denying Defendant's motion for a new trial. Vogel's testimony that he had never "seen" a larger amount of heroin on another prisoner at Terminal Island is not necessarily inconsistent with a log reporting indirectly that there had been one larger amount of heroin seized from a cell there. Also, even assuming that Vogel's statement was false, the believability of the statement was peripheral to the case. When inconsistent testimony concerns a collateral matter, a district court may deny a motion for new trial based on that testimony. *United States v. Croft*, 124 F.3d 1109, 1119 (9th Cir.1997). In view of the extent and the weight of the other evidence of guilt, there is no reasonable likelihood that this testimony affected the verdict. *See Karis v. Calderon*, 283 F.3d 1117, 1127 (9th Cir.2002) (stating standard).

AFFIRMED.

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.