**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Martin MARRUFO, Defendant—**
**Appellant.**

**No. 05–50068.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided June 5, 2006.

---

Mark R. Rehe, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Lemon, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

## MEMORANDUM **

Petitioner Martin Marrufo and a passenger were arrested at an immigration control checkpoint after agents performing a secondary search of his pickup truck discovered methamphetamine in the truck's spare tire. Before that discovery Marrufo also produced a small quantity of marijuana from his pocket in response to an agent's demand that he tell them where any contraband was hidden because they would find it anyway. The secondary search was conducted after a dual purpose dog, one trained to recognize the scent of both humans and drugs, alerted to the rear portion of the truck. After their arrest, Marrufo and his passenger were transferred to the custody of the Drug Enforcement Administration. Both were advised of their *Miranda* rights and questioned. Marrufo waived his rights and made two statements, but his passenger asserted his rights and refused to talk. The passenger was released and never charged, but Marrufo was tried and convicted of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)1 and 18 U.S.C. § 2.

■ The district court did not err in deciding that the passenger's bare assertion of his Fifth Amendment rights following a *Miranda* warning was not probative of his guilt or innocence of possessing the methamphetamine. *See Doyle v. Ohio*, 426

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

652

U.S. 610, 617–18, 618 n. 8, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) ("Silence in the wake of [*Miranda*] warnings may be nothing more than the arrestee's exercise of these *Miranda* rights. Thus, every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested.") (citing *United States v. Hale*, 422 U.S. 171, 177, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975)). It was not error to exclude evidence of the passenger's assertion of his rights from Marrufo's trial under either Federal Rule of Evidence 401 or 403. *See Doe ex rel. Rudy–Glanzer v. Glanzer*, 232 F.3d 1258, 1265–66 (9th Cir. 2000) ("Like all evidence presented to the jury, the inquiry for the admissibility of the negative inference from ... silence begins with the relevance threshold, and with the consideration of whether the value of presenting such evidence was substantially outweighed by the danger of unfair prejudice....").

■ The district court did not clearly err in finding that a DEA agent did not make a pre-*Miranda* statement that rendered Marrufo's waiver of rights involuntary. *See United States v. Spires*, 3 F.3d 1234, 1237 (9th Cir.1993) (stating that a district court's factual findings on suppression motions must be preserved unless clearly erroneous). At any rate, a statement promising to notify prosecutors of cooperation generally does not render a subsequent waiver of rights involuntary. *See United States v. Harrison*, 34 F.3d 886, 891 (9th Cir.1994).

■ Testimony that Marrufo produced a small amount of marijuana during secondary inspection was properly admitted. Under the circumstances in which Marrufo produced the marijuana from his pocket, one might reasonably conclude that he did so hoping to prevent discovery of the methamphetamine and that such disclosure could indicate his knowledge of the methamphetamine in the pickup's spare tire. The district court did not err in admitting the testimony as non-propensity evidence under Federal Rule of Evidence 404(b). *See United States v. Corona*, 34 F.3d 876, 881–82 (9th Cir.1994) (finding admissible 404(b) evidence offered to prove knowledge where it "casts doubt on ... claimed ignorance about the [criminal conduct]" and "tend[s] to make the existence of the defendant's knowledge more probable....").

We reject Marrufo's claim that the border control checkpoint performs unconstitutional suspicionless seizures. *See United States v. Martinez–Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Soto–Camacho*, 58 F.3d 408, 411–12 (9th Cir.1995) (finding that suspicionless administrative seizures at a border control checkpoint with the dual purpose of interdicting illegal drugs and aliens do not violate the fourth amendment). These cases remain valid following *City of Indianapolis v. Edmond*, 531 U.S. 32, 47, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000) ("It goes without saying that our holding today does nothing to alter the constitutional status of the ... border checkpoints that we approved in ... *Martinez–Fuerte* ....").

**AFFIRMED**