**NOT FOR PUBLICATION**



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10290 |
| Plaintiff-Appellee, | D.C. No.<br>3:14-cr-00054-RCJ-VPC-1 |
| v. | |
| ROBERT KIMMELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted January 10, 2018
San Francisco, California

Before: THOMAS, Chief Judge, and RAWLINSON and WATFORD, Circuit
Judges.

Robert Kimmell (Kimmell) appeals his conviction following a jury trial. For

the following reasons, we affirm the conviction and remand for correction of the

clerical error in the judgment.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The district court did not abuse its discretion in denying Kimmell's motion for disclosure of the informant's identity without conducting an *in camera* hearing. *See United States v. Henderson*, 241 F.3d 638, 646 (9th Cir. 2000), *as amended* (noting abuse of discretion standard of review). Kimmell failed to make a minimal threshold showing that "disclosure would be relevant to at least one defense." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (citation omitted). Neither did Kimmell establish that disclosure of the informant was "relevant and helpful to the defense of the accused, or essential to a fair determination of the defendant's cause." *United States v. Rowland*, 464 F.3d 899, 904 (9th Cir. 2006) (citation omitted).

**2.** The district court properly denied relief on Kimmell's *Franks*[1] claim. Given the police dog's positive alert outside Kimmell's storage unit, Kimmell failed to "make a substantial preliminary showing" that "the affidavit [could not] support a finding of probable cause [to search the storage unit] without the allegedly false information." *United States v. Kleinman*, 880 F.3d 1020, 1038 (9th Cir. 2018), *as amended* (citation omitted).

**3.** We cannot say that the district court's discretionary decisions to admit the chase, backyard, and text message evidence merit reversal when the record

---

[1]*Franks v. Delaware*, 438 U.S. 154 (1978).

does not reflect that the evidentiary rulings "more likely than not affected the verdict." *United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015) (citation omitted).

4.  Any error in seating the second alternate juror, rather than waiting for the first alternate juror to arrive, was harmless. *See United States v. McFarland*, 34 F.3d 1508, 1515 (9th Cir. 1994) (denying relief absent evidence that the seated juror would have been any more "influenced or influential").

5.  The district court did not plainly err by failing to specifically ask whether the alternate juror discussed the case with anyone before being seated, because the district court had previously admonished the jurors not to communicate with anyone during the course of their duty, and reminded the alternate juror that he was still under oath before instructing the jury to begin deliberations anew. *See United States v. Alexander*, 48 F.3d 1477, 1485 (9th Cir. 1995) (denying relief absent a showing of prejudice).

6.  Kimmell waived any challenge to the special verdict form by objecting to a special verdict form for Count Four. Thus, any error in using the special verdict form was invited error. *See United States v. Kaplan*, 836 F.3d 1199, 1217 (9th Cir. 2016).

**7.**     When a defendant moves for judgment of acquittal on a specific ground, other grounds not raised are waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010). Kimmell's arguments regarding the sufficiency of the evidence for Counts Two, Three, and Six are waived because he failed to make them before the district court. We therefore review the sufficiency-of-the-evidence claim on the waived grounds only "to prevent a manifest miscarriage of justice." *Id.* (citation omitted). We conclude that given the evidence presented, and drawing all inferences in favor of the government, Kimmell's convictions were not a manifest miscarriage of justice. *See United States v. Ubaldo*, 859 F.3d 690, 699 (9th Cir. 2017).

**8.**     The judgment incorrectly states that Kimmell was convicted of possession with intent to distribute a controlled substance in Count Four. However, the record reflects that the jury actually convicted Kimmell of the lesser included crime of simple possession, and Kimmell was sentenced accordingly. On remand, the judgment should be corrected to reflect the actual verdict of the jury on Count Four, possession of a controlled substance. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1059 (9th Cir. 2000).

**AFFIRMED AND REMANDED FOR CORRECTION OF JUDGMENT.**