**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6495 |
| Appellee, | D.C. No. 2:23-cr-00035-MCS-1 |
| v. | |
| JUAN LUIS MARTINEZ MEDINA, | MEMORANDUM* |
| Appellant. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted March 4, 2026
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District

Judge.**

Juan Luis Martinez Medina challenges his jury convictions for conspiracy to

distribute fentanyl in violation of 21 U.S.C. § 846; distribution of fentanyl in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); and distribution of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), on numerous grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review the decision on whether to disclose a confidential informant's ("CI") identity for abuse of discretion. *United States v. Rowland*, 464 F.3d 899, 903 (9th Cir. 2006). "Nondisclosure is an abuse of discretion only if disclosure is relevant and helpful to the defense of the accused, or essential to a fair determination of the defendant's cause." *Id.* at 903–04. "In ruling on disclosure requests, a trial court must balance 1) the extent to which disclosure would be relevant and helpful to the defendant's case, and 2) the government's interest in protecting the identity of a particular informant." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993).

The district court did not abuse its discretion in denying the motion to disclose the CI's identity. When the court denied Martinez's motion, it found that the CI did not organize the sale and the government would not call the CI to testify at trial; that "Defendant's counsel did not give a responsive answer" to the court's questions about how the CI's identity would contribute to any defenses; and that the CI "continue[d] to cooperate with law enforcement in ongoing drug trafficking investigations." These findings support the court's conclusion that Martinez "failed to meet his burden to show that disclosure of the [CI's] identity is necessary and outweighs the public's interest against nondisclosure." Additionally, at trial, defense counsel's failure to ask Gutierrez if he heard the conversation between Martinez and

the CI suggests the exchange would not have aided Martinez's defense. Thus, the district court did not abuse its discretion in denying the motion to compel disclosure.

2. We review rulings on motions in limine for abuse of discretion. *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). Because defense counsel did not request a limiting instruction as to Gutierrez's testimony, we review the court's decision not to give that instruction for plain error. *United States v. Sauza-Martinez*, 217 F.3d 754, 759 (9th Cir. 2000). We "will use our discretion to reverse the conviction only if there is an error that was clear under current law and affected [Martinez's] substantial rights such that it seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

The district court did not plainly err in not giving a limiting instruction as to Gutierrez's testimony. Although Martinez objected to the admissibility of Gutierrez's testimony on their history of dealing drugs—and although the court and the prosecution agreed that a limiting instruction was warranted—when Gutierrez testified about said history during trial, defense counsel did not object, nor did he request or propose a limiting instruction. Therefore, the trial court's failure to *sua sponte* provide a limiting instruction was not plain error. *See United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014) ("[I]t is well-settled that where no limiting instruction is requested concerning evidence of other criminal acts, the failure of the trial court to give such an instruction *sua sponte* is not reversible error."

(citation modified)).

3. Where the defendant did not move for acquittal under Federal Rule of Criminal Procedure 29 both during and after the trial, we review a sufficiency-of-the-evidence claim for plain error. *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003). Martinez moved for acquittal during trial, but not after; thus plain error applies. We first assume that the jury resolved any evidentiary conflicts in the government's favor, then determine whether the evidence was sufficient to allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

There was sufficient evidence to support the jury's conviction of Martinez on conspiracy to distribute fentanyl. To prove the essential elements of a drug conspiracy, "the government must prove (1) an agreement to accomplish an illegal objective; and (2) the intent to commit the underlying offense." *United States v. Garrison*, 888 F.3d 1057, 1064 (9th Cir. 2018) (quoting *United States v. Duenas*, 691 F.3d 1070, 1085 (9th Cir. 2012)). "[I]t is well-established that a jury may infer the existence of an agreement from circumstantial evidence, such as the defendant's conduct." *Id.* (citation modified).

At trial, the government put on evidence that Martinez had told Gutierrez that he needed help getting rid of some pills. Around the same time, officers saw Martinez meet two women in a Kia sedan and pass off a black grocery bag. Martinez

4                                                                          24-6495

and the women were also seen pulling up to a restaurant and walking through a rear entrance. Shortly after Martinez left the restaurant, one of the women was seen passing off a black plastic bag, which authorities recovered, finding fentanyl inside. In light of this substantial circumstantial evidence, a rational jury could have found beyond a reasonable doubt that Martinez had an agreement—whether with the women in the Kia, the people in the SUV, or both—to distribute fentanyl.

Similarly, there was sufficient evidence at trial to support the jury's conviction of Martinez on distribution of fentanyl. Under 21 U.S.C. § 841(a), the government is required "to prove beyond a reasonable doubt that the defendant (1) knowingly or intentionally (2) distributed (3) any controlled substance." *United States v. Collazo*, 984 F.3d 1308, 1320 (9th Cir. 2021) (en banc) (citation modified). As explained above, the government presented enough evidence for a reasonable trier of fact to find beyond a reasonable doubt that Martinez knowingly distributed fentanyl.

Finally, there is also sufficient evidence to support Martinez's conviction on distribution of methamphetamine. Martinez argues that the knowing element under 21 U.S.C. § 841(a) "remains unsupported" because the government's case hinged on "the credibility of [Gutierrez,] whose testimony was directly contradicted by DEA agents and unsupported by any objective evidence." But the DEA agents and Gutierrez each offered explanations for why the officers did not know Gutierrez was at the sale, and the jury weighed these testimonies. Even if the jury was presented

with conflicting evidence, "[w]e will not assume the function of the jury to make credibility determinations." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1121 (9th Cir. 2013). Therefore, there was sufficient evidence for the jury to find that Martinez knowingly distributed methamphetamine.

**AFFIRMED.**